UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Frederick Banks, Plaintiff,

v.                                                                                                Civil Action No.   **13-0781**

Officer Machesky; Chief McHeeney;                                           JURY TRIAL DEMANDED

Elizabeth Township Police Department; Township Of Elizabeth;   (Evidentiary Hearing Requested)

522 Rock Run Road
Elizabeth, PA 15037-2430;

Mike Doyle, US Congressman; CommonWealth Of Pennsylvania;

New York Times; Pittsburgh Post Gazette; Pittsburgh Tribuine Review; Pittsburgh City Paper;

Chicago Tribune;

Defendants.

COMPLAINT: AND PETITION FOR A WRIT OF MANDAMUS AND PROHIBITION

Plaintiff Frederick Banks ("Banks") hereby alleges for his Complaint and Petition as follows;

1. On June 5, 2013 at approximately 6pm Plaintiff received a call from an Officer purporting to be Officer Machesky.
2. Machesky stated that he was with the Elizabeth Township Police Department.
3. Plaintiff question the jurisdiction because Plaintiff lives in Allegheny County not Elizabeth Township.
4. Machesky stated that if Plaintiff contacted his former finance that harassment charges would be filed against him.
5. Plaintiff asked Machesky for a copy of the police report. Machesky refused to proved it. Plaintiff asked Machesky if he could get it by filing a freedom of information act request. Machesky told Plaintiff that the only way he could get the report is if he came all the way to Elizabeth Township. Plaintiff asked Machesky if he could receive the report by contacting his state representative or his US Congressman. Machesky stated "that's what you'd better do." Machesky threatened plaintiff with a harassment charge when he had no authority to do so because Plaintiff is not and never has been a citizen, resident or patron of Elizabeth Township. Machesky further had no basis for calling the Plaintiff. The text messages he used as a basis were simply messages sent to a party asking them when and how Plaintiff could return property of that individual to them that was in his possession.

6. 6. Machesky failed to provide Plaintiff with a contact for his Chief officer McHeeney. Machesky stated that he was not in and when Plaintiff asked Machesky to provide McHeeney's assistant he refused to do so. It is Plaintiff's position that Machesky never had authority to contact Plaintiff while he was sitting in Allegheny County and where he had never been to Elizabeth Township and did not make regular contact with Elizabeth Township.
7. 7. As such Machesky, and McHeeney violated Plaintiff's Due Process and Constitutional Right to Privacy under the Fifth And First Amendment's to the United States Constitution.
8. 8. Plaintiff is proceeding via 42 USC 1983 for the violation of his Fifth and First Amendment Rights and this court has jurisdiction pursuant to 28 USC 1331 and 42 USC 1983.
9. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. 42 usc 1983. Here Elizabeth Township Police Officer acted under state law, ordinace, regulation, custom, and usage of the State of Pennsylvania to deprive Plaintiff of his First and Fifth Amendment Rights and his right to have contact with his former fiance to return her items to her under the Ninth Amendment Rights reserved to the people.
10. 10. As such Defendant's are liable in the amount of $110,000 plus punative damages of $220,000 totaling $330,000 for his violations of Plaintiff's constitutional rights.
11. Defendant's conduct was willful, intentional, purposeful, malicious, intelligent, knowlingly and damaged Plaintiff because his Constitutional Rights were denied.
12. Plaintiff has an indisputable right to relief to enjoin Defendant's from this conduct because they were wholly without jurisdiction to make the threats that they made to Plaintiff.

WHEREFORE, Judgement should be entered for Plaintiff and Against defendants in the amount of $330,000 plus cost, interest and fees and enjoining Defendants from further activity. All costs taxed to Defendant's. The Writ of Mandamus should be granted along with all other requested and warranted relief. A hearing should be held. Plaintiff demands a jury trial.

Respectfully submitted,

/s/ Frederick Banks

Frederick Banks

PO Box 42303

Pittsburgh, PA 15203

PLAINTIFF

SUPPLEMENTAL CLAIMS TO COMPLAINT

1. Pursuant to Pa CS. § 2709.  **Harassment.**
   **(a)  Offense defined.**--A person commits the crime of
   harassment when, with intent to harass, annoy or alarm another,
   the person:
   (1)  strikes, shoves, kicks or otherwise subjects the
   other person to physical contact, or attempts or threatens to
   do the same;
   (2)  follows the other person in or about a public place
   or places;
   (3)  engages in a course of conduct or repeatedly commits
   acts which serve no legitimate purpose;
   (4)  communicates to or about such other person any lewd,
   lascivious, threatening or obscene words, language, drawings
   or caricatures;
   (5)  communicates repeatedly in an anonymous manner;
   (6)  communicates repeatedly at extremely inconvenient
   hours; or
   (7)  communicates repeatedly in a manner other than
   specified in paragraphs (4), (5) and (6).

2. Defendant did not have jurisdiction to issue a warning because none of the criteria in the statute was met. Plaintiff did not intentionally harass, he did not follow the person anywhere, he did not engage in an act that served no legitimate purpose because he sought to return his ex fiance's property, he did not use lewd communications, threats, obscehene words or dirty language, he did not communicate anonymously, he did not communicate repeatedly at inconvenient hours, he did not otherwise communicate in a manner that would apply to this statute. As such while acting under color of state law as a Elizabeth Township Police Officer Defendant Machesky violated      Plai

3. Defendant's conduct was willfull, intentional, knowing, intelligent and purposeful and damaged Plaintiff.
4. As such Defendant is liable to Plaintiff in the amount of $110,000 for violations of the Fist and Fifth Amendments. Defendant should be enjoined from this activity.

WHEREFORE, The Judgment should be entered for Plaintiff and against Defendants in an amount exceeding $330,000 plus costs interest and fees along with all other warranted and requested relief.

/s/ Frederick Banks
PO Box 42303
Pittsburgh, PA 15203

PLAINTIFF

The Complaint and Supplemental Claims are hereby executed this 6th day of June, 2013 under the penalty for perjury.


Frederick Banks.